# EXHIBIT "A"

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
04/09/2024
CT Log Number 546164724

## Service of Process Transmittal Summary

**TO:** Chiarra Davis, Legal
Uber Technologies, Inc.
950 23RD ST
SAN FRANCISCO, CA 94107-3401

**RE:** **Process Served in Pennsylvania**

**FOR:** RASIER-PA, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EASRAT ZAHAN // To: RASIER-PA, LLC |
| **DOCUMENT(S) SERVED:** | Notice |
| **COURT/AGENCY:** | Philadelphia County - Court of Common Pleas, PA<br>Case # 2403023 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - 02/03/2024 |
| **PROCESS SERVED ON:** | C T Corporation System, Harrisburg, PA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/09/2024 at 12:42 |
| **JURISDICTION SERVED:** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after this complaint and notice are served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | DAVID E. STERNBERG<br>WAPNER NEWMAN<br>1628 JFK Boulevard, Suite 800<br>Philadelphia, PA 19103<br>215-569-0900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/10/2024, Expected Purge Date: 04/15/2024<br><br>Image SOP<br><br>Email Notification, Allison Gordon agarrett@uber.com<br><br>Email Notification, Chiarra Davis chiarra.davis@uber.com<br><br>Email Notification, Allison Gordon agarrett@uber.com<br><br>Email Notification, Jennifer Sullivan jsullivan@uber.com<br><br>Email Notification, Karina Munoz karinamunoz@uber.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
04/09/2024
CT Log Number 546164724

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Apr 9, 2024
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | RASIER-PA, LLC |
| Case Number | 240302358 |
| Jurisdiction | PA |

| Inserts | | |
|---|---|---|
| | | |

**DAVID E. STERNBERG, ESQUIRE**
**DSTERNBERG@WAPNERNEWMAN.COM**
**IDENTIFICATION NO: 38613**
**RAMSEY H. CHEW, III, ESQUIRE**
**RCHEW@WAPNERNEWMAN.COM**
**IDENTIFICATION NO: 322831**
**WAPNER NEWMAN**
1628 JFK Boulevard, Suite 800
Philadelphia, PA 19103
(215) 569-0900

**THIS IS A MAJOR JURY CASE. JURY TRIAL DEMANDED. ASSESSMENT OF DAMAGES HEARING IS REQUIRED.**

Attorneys for plaintiff

Filed and Attested by the Office of Judicial Records 20 MAY 2024 10:48 am SMITH

| | |
|---|---|
| **EASRAT ZAHAN**<br>8434 127th Street<br>Kew Gardens, NY 11415<br>*Plaintiff*<br><br>*VS.*<br><br>**UBER TECHNOLOGIES INC.**<br>1455 Market Street – Suite 400<br>San Francisco, CA 94103<br>and<br>**RASIER LLC c/o CT CORPORATION SYSTEM**<br>600 N. 2nd Street – Suite 401<br>Harrisburg, PA 17101<br>and<br>**RASIER PA-LLC c/o CT CORP. SYSTEM**<br>600 N. 2nd Street – Suite 401<br>Harrisburg, PA 17101<br>and<br>**JOHN DOES**<br>Various fictitious and unidentified individuals and/or corporations<br>*Defendants* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>TERM, 2024<br><br>NO. |

# CIVIL ACTION

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>ONE READING CENTER<br>PHILADELPHIA, PA 19107<br>TELEPHONE: (215) 238-6333 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA<br>SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL<br>ONE READING CENTER<br>FILADELFIA, PA 19107<br>TELÉFONO: (215) 238-6333 |

**COUNT I**
***(FACTS COMMON TO ALL COUNTS)***

1. Plaintiff, Easrat Zahan, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above address.

2. Defendant, UBER TECHNOLOGIES INC., is a corporation or other business entity, authorized to do business and regularly conducts business within the Commonwealth of Pennsylvania, with a registered agent located for service at the above captioned-address.

3. Defendant, RASIER LLC, is a corporation or other business entity, authorized to do business and regularly conducts business within the Commonwealth of Pennsylvania, with a registered agent located for service at the above captioned-address

4. Defendant, RASIER PA-LLC, is a corporation or other business entity, authorized to do business and regularly conducts business within the Commonwealth of Pennsylvania, with a registered agent located for service at the above captioned-address.

5. At all times material hereto, defendant, JOHN DOES 1-4, is/are unknown individual/individuals/successor/corporation/company/Estate(s) who was/were operating and/or in control of the respective defendants' motor vehicle and/or defendants' employer(s) and/or employee(s) at the time of the aforesaid accident and/or responsible for defendants' vehicle(s) at the time of the accident referenced.

6. At all times material hereto, defendant, JOHN DOES 1-4, was acting individually and by and through its agents, servants and/or employees who were acting then and there in the course and scope of said employment/agency with defendant under defendant's control and/or right of control.

7. On February 3, 2024 at or about 6:40 p.m., plaintiff, Easrat Zahan, was a passenger of a motor vehicle operated by driver, Z. Nikoleishvili[1] and/or JOHN DOES, on Interstate 95 in Philadelphia, Pennsylvania.

8. Defendants, UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER PA-LLC (hereinafter "UBER") are a connection of companies that supply a technology platform where online applications connect defendant's, UBER, driver and riders who pay a fare which is automatically calculated and charged to the payment method a rider links to his/her defendant, UBER, account.

9. At all times material hereto, uber driver, Z. Nikoleishvili and/or JOHN DOES 1-4, was the operator of said motor vehicle as a carrier for hire on behalf of defendant, UBER.

10. At all times material hereto, uber driver, Z. Nikoleishvili and/or JOHN DOES 1-4, was the operator of said motor vehicle as a permissive user of said motor vehicle with the full permission of and/or as an agent and/or employee of defendant, UBER.

11. At all times material hereto, uber driver, Z. Nikoleishvili and/or JOHN DOES 1-4, was operating a motor vehicle as an agent, servant, workman and/or employee of defendant, UBER, and in the furtherance of the interests of defendant, UBER, acting at all times within the course and scope of his employment/agency/servitude as a carrier for hire at the control of defendant, UBER.

12. At all times material hereto, defendant, UBER, was acting by and through their respective agents, servants, and/or employees who were there and then acting in the course and scope of their agency, servitude and/or employment with defendant, UBER, under their control and/or right of control.

[1] Uber Defendants have not released the full name of their employee-driver to date. Plaintiff reserves the right to amend the complaint to include the uber driver in this action.

13. At all times material hereto defendant, UBER, was vicariously responsible for the actions and/or inactions of uber driver, Z. Nikoleishvili and/or JOHN DOES 1-4, under the doctrine of *respondent superior*.

14. all times material hereto, the motor vehicle operated by driver, Z. Nikoleishvili and/or JOHN DOES, was joint and severally owned, leased, maintained, and/or in other ways controlled by defendant, UBER, and was being operated by uber driver, Z. Nikoleishvili and/or JOHN DOES 1-4, individually and/or as the agent, servant, employee and/or otherwise for the benefit of defendant, UBER.

15. At the time and place as aforementioned, driver, Z. Nikoleishvili and/or JOHN DOES, carelessly and negligently operated said motor vehicle so as to cause a motor vehicle accident, as a result of which plaintiff, Easrat Zahan, sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

16. According to Pennsylvania Law, plaintiff, Easrat Zahan, is deemed to have "Full Tort" status in this litigation

17. The "Limited Tort" defense cannot be raised in this act by the defendants.

18. The accident aforementioned was caused by the negligence of the defendants and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

19. The wrongful and negligent conduct of all defendants consisted, among other things, the following:

a. Failing to have said motor vehicle under adequate and proper control;
b. Operating said motor vehicle at a high and excessive rate of speed under the circumstances;
c. Failing to use due caution in driving said motor vehicle;
d. Failing to take due note of the point and position of other motor vehicles on the roadway;
e. Failing to maintain an assured clear distance of other motor vehicles on the roadway;

f. Failing to yield the right of way;
g. Failing to yield the right of way to other motor vehicles;
h. Failing to stop said motor vehicle before impact;
i. Failing to maintain a proper lookout;
j. Violation of Pennsylvania Motor Vehicle Law § 3111, Obedience to traffic-control devices;
k. Violation of Pennsylvania Motor Vehicle Law § 3361, Driving vehicle at safe speed;
l. Violation of Pennsylvania Motor Vehicle Law § 3714, Careless driving;
m. *Negligence per se;*
n. Operating said motor vehicle in an inattentive manner;
o. Failure to properly brake and steer said motor vehicle;
p. Failure to operate said motor vehicle in a safe manner;
q. Failure to properly maintain and service said motor vehicle;
r. Disregarding the designated lanes of travel on the road;
s. Striking another motor vehicle without warning;
t. Being inattentive;
u. Not paying attention to traffic conditions while operating a motor vehicle;
v. Operating said motor vehicle without due regard to the traffic, use, width and purpose of the roadway;
w. Negligent hiring;
x. Failure to train drivers;
y. Negligent supervision;
z. Failure to institute and/or enforce policies and procedures regarding safe operation and maintenance of said motor vehicle; and,
aa. Violating the statutes and ordinances of the Commonwealth of Pennsylvania and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances.

20. As a direct and proximate result of the accident aforementioned, plaintiff, Easrat Zahan, sustained multiple injuries including, but not limited to **closed fracture of facial bone, close fracture of multiple thoracic vertebrae, marginal blunt chest trauma, nondisplaced fracture of the first left rib, bifrontal subarachnoid hemorrhage, small parafalcine/tentorial subdural hematoma, diffuse cerebral edema, right orbital wall fractures, right ZMC fractures involving the right orbital apex pterygoid plates extending into skull base to clivus, left distal femoral shaft fracture, pulmonary contusion, mild compression of T3, T1 and T2 endplates, concussion**; as well as other injuries to her head, neck and back, their bones,

cells, tissues, nerves, muscles and functions; and shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

21. As a direct and proximate result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

22. As a further direct and proximate result of defendants negligence as aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention, hospitalization, **left distal traction pin placement, forehead laceration repair, left intramedullary nail, forehead suture removal** and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

23. As a direct and proximate result of this accident, plaintiff has suffered an injury which is permanent, irreparable and severe.

24. As a direct and proximate result of the defendants' negligence, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

25. As a further direct and proximate result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

26. As a direct and proximate result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which the defendants are liable.

**WHEREFORE**, plaintiff demand judgment against defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

**COUNT II**
**PLAINTIFF V. JOHN DOES 1-4**

27. Plaintiff fully incorporates herein by reference all averments set forth above as if fully set forth herein, pursuant to Pa.R.C.P. 1019(g).

28. Plaintiff preys leave of Court to seasonably amend this Complaint and name the true identity of John Does 1-4, if and when their true identities and roles in the within matter are ascertained by plaintiffs.

**WHEREFORE**, plaintiff demand judgment against defendants, jointly and severally, in an amount in excess of the jurisdictional amount requiring submission to Arbitration.

**WAPNER NEWMAN**

BY: /s/ David E. Sternberg
**DAVID E. STERNBERG, ESQUIRE**
**RAMSEY H CHEW, ESQUIRE**
Attorneys for Plaintiff

RECEIVED

2024 APR -5 PM 1:02

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101